WALTER A. DORLAND v. EDWIN A. BURLINGAME, JUDGE OF THE SUPERIOR COURT OF GRAND RAPIDS.

*Streets—Condemnation proceedings—Witness' and attorney's fees—. Taxation of costs.*

1. Section 17 of Act No. 124, Laws of 1883, which provides that witnesses in a street-opening case shall be entitled to receive from the city the same fees as are provided by law for similar services in an ordinary action at law in the circuit courts of the State, applies to witnesses produced and sworn upon *both* sides of the issues pending, which are the public necessity, and the just compensation to be made to the owner for taking his property.

2. In such a case the court has the power to limit the number of witnesses which may be produced to prove a single point, and thus prevent abuse; and the fees of *all* witnesses whose attendance is procured in good faith should, on filing the affidavit required to tax witness' fees in circuit courts, be taxed in favor of the party producing them.

3. Section 19 of Act No. 236, Laws of 1889, making it lawful for the judge in a street-opening case to order the payment by the city to any respondent of such a reasonable attorney fee as he may deem just, not exceeding $25, is not mandatory, but the matter of attorney fees is left discretionary with the judge.

*Mandamus.*  Submitted November 5, 1889.  Granted in part and denied in part November 15, 1889.

Relator applies for *mandamus* directing that his witness' and attorney's fees in a street-opening case be taxed and paid by the city. Granted as to witness' fees. The facts are stated in the opinion.

*Smith & Stevens,* for relator.

CHAMPLIN, J.  Certain land of the relator was condemned for street purposes in the city of Grand Rapids, for which he was awarded damages and compensation by a jury. He asks now that fees for his witnesses and an attorney's fee may be taxed and paid by the city.

The condemnation was had under Act No. 124, Laws. of 1883, as amended by Act No. 236, Laws of 1889. Under this act the jury are to hear the proofs and allegations of the parties. The seventeenth section provides; that—

" Officers, jurors, and witnesses, in any proceedings under this act, shall be entitled to receive from the city * * * instituting the proceedings the same fees and compensation as are provided by law for similar services in an ordinary action at law in the circuit courts of this State."

This section applies to witnesses produced and sworn upon both sides of the issues pending, which are the public necessity, and the just compensation to be made for taking the property of the owner. The court has the power to limit the number of witnesses which may be produced to prove a single point, and thus prevent abuse. The fees of all witnesses whose attendance is procured in good faith should, on filing the affidavit required to tax the fees of witnesses in circuit courts, be taxed in favor of the party producing.

Section 19 of the act provides that—

"It shall be lawful for the judge in any case to order the payment by the city   *   *   to any respondent of such a reasonable attorney fee as he may deem just, not exceeding twenty-five dollars, which may be taxed with the costs."

This section is not mandatory, but the matter of attorney fees is left discretionary with the judge.   He may order the payment of an attorney fee or not, as he may deem just.   He returns that he did not deem it just to allow attorney fees to relator in this case, and that disposes of this part of relator's claim.

A *mandamus* must issue, directing the allowance and taxation of fees for relator's witnesses, upon his filing the required affidavit, and pursuing the practice upon taxation of costs in the circuit court as to notice, etc., upon the city attorney.

The other Justices concurred.