RORABACHER v. NICHOLS.

1. EMINENT DOMAIN—JURY—COMPENSATION OF JURORS—MUNICI-
PAL CORPORATIONS—COUNTIES—STATUTES.
    Jurors in special proceedings for the condemnation of private
    property, brought by cities of the fourth class, are entitled
    to be paid by the city instituting the proceedings; not by
    the county, under Act No. 236, Pub. Acts 1907.

2. STATUTORY CONSTRUCTION—REPEAL OF STATUTES.
    Since effect should be given to each of two acts upon the same
    subject-matter, if, by reasonable construction, it may be so
    done, Act No. 236, Pub. Acts 1907, providing for payment of
    jurors by counties, will not be held to have repealed 1 Comp.
    Laws, § 3408, or Act No. 215, Pub. Acts 1895, as amended by
    Act No. 136, Pub. Acts 1899, providing for payment of the
    jurors by cities instituting proceedings in eminent domain.

Certiorari to Shiawassee; Miner, J.   Submitted Feb-
ruary 28, 1911.   (Calendar No. 24,398.)   Decided March
13, 1911.

Mandamus by Edward M. Rorabacher against Albert
L. Nichols, county clerk of Shiawassee county, to compel
the payment of jury fees in eminent domain proceedings.
An order denying the writ is reviewed by relator on cer-
tiorari.   Affirmed.

*Seth Q. Pulver*, for appellant.

*Joseph H. Collins*, for appellee.

BROOKE, J.   This case is certiorari to review the ac-
tion of the circuit judge of Shiawassee county in refusing
to grant a writ of mandamus against respondent, who is
county clerk of said county.   Relator sets out in his peti-
tion that he was drawn and served as a member of a
special jury in a condemnation case in which the city of
Owosso was plaintiff.   For compensation for such ser-

vice, he made demand upon respondent, which was refused.

The only question involved is whether the city of Owosso or the county of Shiawassee is liable to relator for his compensation as a juror in this special condemnation proceeding. By the condemnation act of 1883, amended in 1887 (1 Comp. Laws, § 3408), it is provided:

"Officers, jurors and witnesses in any proceedings under this act shall be entitled to receive from the city, (or) village or county instituting the proceedings, the same fees and compensation as are provided by law for similar services in an ordinary action at law in the circuit courts of this State."

This act applied generally to all cities and villages. In 1895 the legislature passed an act (No. 215) providing for the incorporation of cities of the fourth class. Chapter 25 of that act relates to the condemnation of private property for public use. Section 22 thereof provides:

"Officers, jurors and witnesses in any proceedings under this chapter shall be entitled to receive the same fees and compensation as are provided by law for similar services in an ordinary action at law in the justice courts of this State, and in cases of appeals, the same fees and compensation as are provided by law for similar services in circuit courts."

This act was amended in 1899 (Act No. 136). By the amended act, original jurisdiction was conferred upon the probate, instead of the justice, court, and the section in question was made to read as follows:

"SEC. 26. Officers, jurors and witnesses in any proceedings under this chapter shall be entitled to receive the same fees and compensation as are provided by law for similar services in an ordinary action at law in the probate courts of this State, and in cases of appeals, the same fees and compensation as are provided by law for similar services in circuit courts."

It is to be noted that neither in the section as it appears in the act of 1895 or the act of 1899 is there any provision

as to who shall pay the fees of officers, jurors, and witnesses.

It is urged by relator that Act No. 136 of the Public Acts of 1899, under which the condemnation proceeding (in which the services of relator were rendered) was launched, is complete in itself, and, inasmuch as it does not in terms provide who shall pay the fees of the jurors, the same may be collected from the county under the provisions of Act No. 236, Pub. Acts 1907. This construction would lead to the result that, when fourth class cities instituted condemnation proceedings, the jury fees would be paid by the county, while other municipalities instituting such proceedings would still be liable for them under 1 Comp. Laws, § 3408. This is, in effect, to say that the act of 1895 repealed section 3408 so far as it relates to fourth class cities. We cannot suppose the legislature intended to make such a discrimination, and no reason appears why it should be made. We are of opinion that the section in question, both in the act of 1895 and that of 1899, was intended to measure the compensation rather than to provide a different paymaster. It is elementary that, if by any reasonable construction effect can be given to both acts, this course should be followed. *People* v. *Hanrahan*, 75 Mich. 611 (42 N. W. 1124, 4 L. R. A. 751), and cases cited. There is no positive repugnancy between the provisions of 1 Comp. Laws, § 3408, and section 26, Act No. 136, Pub. Acts 1899. Both may be given effect.

The judgment is affirmed.

BIRD, STONE, and BLAIR, JJ., concurred with BROOKE, J.

OSTRANDER, C. J. (*concurring*). I think the statute (Act No. 215, Pub. Acts 1895), as amended, is a complete statute, but that it is unimportant whether it expressly provides that the expenses in condemnation cases instituted by a municipality shall be chargeable to the munici-

pality or is silent upon the subject. The statute does expressly provide that officers, jurors, and witnesses shall be entitled to fees. Unless it was expressly provided that they should be paid by the county, the necessary inference would be that they should be paid, in the first instance, by the municipality instituting the proceeding. Such proceedings are not judicial proceedings. The juries are special juries. The benefits expected are either to the municipality or to some division or district thereof. In either case it is the municipality alone which has power to apportion the cost of the benefit. It has been held in construing Act No. 124, Pub. Acts 1883, as amended (1 Comp. Laws, § 3408), that the city must pay the fees of all witnesses in such a proceeding, whether they are produced for or against the municipality. *Dorland* v. *Judge of Superior Court*, 78 Mich. 182 (44 N. W. 52). This ruling is in harmony with the idea that the cost of determining the issues, namely, public necessity and proper compensation to owners, ought to be paid by the one for whose benefit alone the issues are presented. I concur in affirming the judgment of the circuit court.