DEPARTMENT OF CONSERVATION *v.* CONNOR.

1. STATUTES—CONSTRUCTION—LANGUAGE OF PREVIOUS STATUTE.

By adopting the language of a former statute the legislature adopted the Supreme Court's previous construction thereof.

2. EMINENT DOMAIN—WITNESSES—FEES AND EXPENSES.

In condemnation proceedings witnesses are entitled to receive the same fees and compensation as provided by law for similar services in an ordinary action at law in the circuit court (1 Comp. Laws 1929, § 3779).

REFERENCES FOR POINTS IN HEADNOTES
[1] 50 Am. Jur., Statutes, § 462.
[3, 4, 6] 14 Am. Jur., Costs, § 56; 58 Am. Jur., Witnesses, §§ 880, 881.
[5, 7] 18 Am. Jur., Eminent Domain, § 378.
[6, 9] 14 Am. Jur., Costs, § 91.
[7] 58 Am. Jur., Witnesses, §§ 880, 881.
[8] 3 Am. Jur., Appeal and Error, § 1263.
[10] 14 Am. Jur., Costs, § 56; 18 Am. Jur., Eminent Domain, § 359.

**3.** SAME—EXPERT WITNESS FEES—TAXABLE COSTS.

In condemnation proceedings, a defendant's expert witnesses are entitled to receive their ordinary witness fees or such larger sum in excess thereof as the circuit court awards, as in ordinary actions at law in circuit court, which may be taxed as part of the defendant's taxable costs (Comp. Laws 1929, §§ 3779, 14223).

**4.** WITNESSES—EXPERT'S FEES—DISCRETION OF COURT.

The act leaving the matter of fixing expert witness fees to the circuit court is not complied with when that court declines to exercise that discretion on the asserted ground of lack of the jurisdiction clearly conferred by statute (Comp. Laws 1929, §§ 3779, 14223).

**5.** EMINENT DOMAIN—COSTS—AMENDMENT—DISCONTINUANCE.

Amendment of statute under which condemnation proceedings were had so as to permit discontinuance of proceedings by petitioning agency after jury is impaneled upon payment of all actual expenses and reasonable attorney fees of appearing parties does not affect a party's right to costs after confirmation of verdict (1 Comp. Laws 1929, § 3779; § 3780, as amended by Act No. 235, Pub. Acts 1937).

**6.** SAME—COSTS ON APPEAL—TAXATION OF COSTS IN CIRCUIT COURT.

An award of costs to plaintiff on appeal in condemnation proceedings does not adjudicate the defendant's statutory right to expert witness fees and to tax costs in the circuit court (Comp. Laws 1929, §§ 3779, 14223).

**7.** SAME—PREPARATION FOR TRIAL—WITNESS FEES—COSTS.

The denial that expenses incurred in preparation for trial in condemnation proceedings are embraced within the terms of just compensation does not affect the defendants' right to tax costs for expert witness fees (Comp. Laws 1929, §§ 3779, 14223).

**8.** APPEAL AND ERROR—REMITTITUR—JURISDICTION IN CIRCUIT COURT.

Upon determination of an appeal and filing of remittitur, jurisdiction is restored to the circuit court.

**9.** SAME—TAXATION OF COSTS—LEAVE TO APPEAL.

Whether or not appeal from order denying defendants the right to tax witness fees as costs in condemnation proceedings was properly before Supreme Court in the absence of leave being first obtained is not considered after case is submitted on the merits, and no motion to dismiss the appeal for such reason was made.

10. EMINENT DOMAIN—WITNESS FEES—COSTS.
The number of expert witnesses allowed to testify in condemnation proceedings, the nature of their testimony, and their previous payment by defendant, constitute matters to be addressed to the circuit court when fixing expert witness fees and are not material to question of jurisdiction of the circuit court to assess expert witness fees and taxation of witness fees as costs (Comp. Laws 1929, §§ 3779, 14223).

Appeal from Gogebic; Landers (Thomas J.), J. Submitted April 16, 1948. (Docket No. 64, Calendar No. 44,054.) Decided June 14, 1948.

Condemnation proceedings by Commission of Conservation of the Department of Conservation of the State of Michigan against Gordon Connor and the Connor Lumber & Land Company. On motion of defendants to tax costs. Motion denied. Defendants appeal. Reversed and remanded for taxation of costs.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Harry W. Jackson,* Assistant Attorney General, and *Nicholas V. Olds* and *William F. Pellow,* Special Assistants Attorney General, for plaintiff.

*R. B. Graves, Charles M. Humphrey,* and *Charles M. Humphrey, Jr.,* for defendants.

*John C. Jacoby* and *Albert A. Campbell,* for County Road Association of Michigan *amicus curiae.*

DETHMERS, J. Plaintiff filed a petition for condemnation of certain of defendants' lands. A jury made a finding of public necessity and awarded damages. The jury's award was confirmed and judgment entered thereon, which, on appeal by defendants, this Court affirmed. *Department of Conservation* v. *Connor,* 316 Mich. 565.

After the record in this Court was returned to the circuit court defendants gave notice of taxation before the clerk of their costs for officers' and ordinary witnesses' fees, on which the clerk withholds action awaiting outcome of this appeal. Defendants also filed a motion that the circuit court fix defendants' expert witness fees and allow them as part of defendants' taxable costs and judgment. This is an appeal by defendants from an order denying their right to tax costs in their favor.

Act No. 149, Pub. Acts 1911, under which these condemnation proceedings were brought, provides, in section 17 thereof (1 Comp. Laws 1929, § 3779 [Stat. Ann. § 8.27]), in part, as follows:

"Officers, jurors, and witnesses in any proceeding under this act shall be entitled to receive from the *petitioner* the same fees and compensation as are provided by law for similar services in an ordinary action at law in the circuit courts."

This statutory provision, relating to condemnation by State agencies, was adopted almost verbatim from Act No. 124, § 17, Pub. Acts 1883 (1 Comp. Laws 1929, § 3802 [Stat. Ann. § 8.59]) enacted 28 years earlier, relating to condemnation by cities, villages and counties, except for the italicized word "petitioner" in the above provision, instead of which, in the earlier act, appear the words "city [or] village or county instituting the proceedings." In proceedings under this earlier statute the city or village or county, as the case may be, is the petitioner. This earlier statute has been construed by this Court in. *Dorland* v. *Judge of Superior Court of Grand Rapids,* 78 Mich. 182. In holding that the landowner, whose land was taken in the proceedings, was entitled to tax his witness fees, this Court said concerning section 17 of the statute:

"This section applies to witnesses produced and sworn upon both sides of the issues pending, which are the public necessity and the just compensation to be made for taking the property of the owner. * * * The fees of all witnesses whose attendance is procured in good faith should, on filing the affidavit required to tax the fees of witnesses in circuit courts, be taxed in favor of the party producing."

In *Rorabacher* v. *Nichols*, 165 Mich. 127, involving proceedings brought by a city under the 1883 statute, this Court held that the city, not the county, was required to pay the jurors' fees. In Mr. Justice OSTRANDER's concurring opinion it is said:

"It has been held in construing Act No. 124, Pub. Acts 1883, as amended (1 Comp. Laws 1897, § 3408), that the city must pay the fees of all witnesses in such a proceeding, whether they are produced for or against the municipality. *Dorland* v. *Judge of Superior Court of Grand Rapids*, 78 Mich. 182. This ruling is in harmony with the idea that the cost of determining the issues, namely, public necessity and pioper compensation to owners, ought to be paid by the one for whose benefit alone the issues are presented."

The statute here involved having been enacted after the above decisions, it must be held that by adopting the language of the former statute the legislature adopted this Court's previous construction thereof. *Lenawee County Gas & Electric Co.* v. *City of Adrian*, 209 Mich. 52 (10 A. L. R. 1328); *People* v. *Township of Munising*, 213 Mich. 629; *People* v. *Powell*, 280 Mich. 699 (111 A. L. R. 721).

Cases from other jurisdictions, cited by plaintiff, need not be discussed when our own decisions reach the case and, as we believe, properly construe the statute governing the situation at bar. *Wagar* v.

*Railroad Co.,* 79 Mich. 648; *Savage* v. *Embrey,* 216 Mich. 123.

The statute entitles witnesses to receive the same fees and compensation as provided by law for similar services in an ordinary action at law in the circuit courts. In such an action it is provided by law (3 Comp. Laws 1929, § 14223 [Stat. Ann. § 27.918]) that:

"No expert witness shall be paid, or receive as compensation in any given case for his services as such, a sum in excess of the ordinary witness fees provided by law, unless the court before whom such witness is to appear, or has appeared, awards a larger sum, which sum may be taxed as a part of the taxable costs in the case."

We said in *Clay* v. *Penoyer Creek Improvement Co.,* 34 Mich. 204:

"We do not question the right or power of the legislature to thus refer to the provisions of another statute, and render them applicable and binding as though incorporated and re-enacted in the act under consideration."

It follows that defendants' expert witnesses shall be entitled to receive their ordinary witness fees or such larger sum in excess thereof as the circuit court awards, as in ordinary actions at law in circuit courts, which may be taxed as part of defendants' taxable costs.

While fixing the amount of expert witness fees is left, under the act, to the sound discretion of the circuit court, the act is not complied with when that court declines to exercise that discretion on the asserted ground of lack of the very jurisdiction which the act so clearly confers.

We hold that the amendment of section 18 of the act here involved by Act No. 235, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 3780, Stat. Ann. 1947

Cum. Supp. § 8.28), in no respect altered nor affected the right to costs as provided for under section 17 of the act.

Our award of costs to plaintiff in 316 Mich. 565 applies solely to costs of that appeal and is no adjudication of defendants' statutory right to expert witness fees and to tax costs in the circuit court; nor did our refusal to hold that defendants' expenses incurred in preparation for trial are embraced within the terms of just compensation affect defendants' right to tax these costs.

Plaintiff cites *City of Grand Rapids v. Coit,* 151 Mich. 109, in support of its contention that the first appeal to this Court ended the jurisdiction of the circuit court to fix fees or for taxing costs. The *Coit Case* involved appeal from taxation of costs, this Court holding that after such appeal the lower court was without jurisdiction to act in relation to such costs unless the case were remanded. Such is not the situation before us here. The right to tax costs in the court below and the fixing of expert witness fees were not considered in the previous appeal herein. When that appeal was determined jurisdiction was restored to the circuit court upon the filing of the remittitur. *Reynolds v. Newaygo Circuit Judge,* 109 Mich. 403; 3 Am. Jur. p. 727.

Plaintiff asserts that this appeal is not properly before us because leave therefor was not obtained. Such challenge we do not consider after the case has been submitted on the merits, no motion to dismiss the appeal for that reason having been made. *Toledo Pipe Organ Co. v. Paradise Theatre Co.,* 318 Mich. 342.

Other points discussed by plaintiff as to number of expert witnesses allowed to testify on either side, the nature of their testimony, and their previous payment by defendants, constitute matters properly to be addressed to the circuit court when it proceeds

to fix expert witness fees. They are not material to the question before us of the circuit court's jurisdiction in the premises.

The order of the circuit court is reversed and the cause remanded for taxation of defendants' costs and fixing of defendants' expert witness fees in accord herewith. Costs of this appeal to defendants.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.