LUSCOMBE v SHEDD'S FOOD PRODUCTS CORPORATION

Docket No. 148437. Submitted June 21, 1995, at Detroit. Decided
August 8, 1995, at 9:05 A.M.

William Luscombe brought an action in the Oakland Circuit
Court against Lever Brothers Company and Shedd's Food Prod-
ucts Corporation, alleging various tort and contract claims. The
court, Edward Sosnick, J., granted summary disposition for the
defendants with respect to all eight counts of the complaint.
The Court of Appeals, McDONALD, P.J., and HOOD and REILLY,
JJ., in an unpublished opinion per curiam, decided April 22,
1991 (Docket No. 113469), affirmed in part, reversed in part,
and remanded for trial on four counts. The period for appeal in
the Supreme Court expired with no appeals taken by any of the
parties. A jury trial commenced before the record was returned
to the trial court by the Court of Appeals. By agreement of the
parties, Lever Brothers was dismissed from the action. The
trial court directed a verdict in favor of Shedd's with respect to
one count, and the jury returned a verdict of no cause of action
on the remaining counts. The trial court denied a motion by
the plaintiff to set aside the verdict. The plaintiff appealed,
claiming that he is entitled to a new trial because the trial
court did not have jurisdiction to conduct the trial before the
record was returned by the Court of Appeals.

The Court of Appeals *held:*

A lower court reacquires jurisdiction of a case after the
completion of appellate proceedings when the original record is
returned by the appellate court. The trial court in this case
erred in conducting proceedings on remand from the Court of
Appeals before the record was returned. However, the error
was harmless in the absence of an objection by the plaintiff to
the erroneous exercise of jurisdiction.

Affirmed.

COURTS — REACQUISITION OF JURISDICTION AFTER APPEAL.

A trial court, on remand of a case following an appeal, does not

REFERENCES

Am Jur 2d, Courts § 95.
See ALR Index under Jurisdiction; Remand.

reacquire jurisdiction of the case until the return of the original record; a trial court errs in conducting proceedings before the return of the record, but the error is harmless in the absence of an objection by a party.

*James C. Barnes, Jr.,* for the plaintiff.

*Plunkett & Cooney, P.C.* (by *Dennis J. Clark*), for the defendants.

Before: MACKENZIE, P.J., and GRIBBS and P. J. CLULO,* JJ.

MACKENZIE, P.J. Plaintiff appeals as of right from an opinion and order denying his motion to set aside a jury verdict of no cause of action. We affirm.

This is the second appeal in this case. The issue before us is whether plaintiff is entitled to have a jury verdict set aside for the reason that the trial commenced before the record was returned by this Court to the circuit court following the prior appeal.

The case was previously before this Court in an appeal from an order granting defendants' motion for summary disposition of all eight counts of plaintiff's complaint. In an unpublished opinion per curiam, decided April 22, 1991 (Docket No. 113469), this Court affirmed the order with respect to four counts and reversed with respect to four counts. Defendants filed a motion for rehearing, which was denied by this Court on July 22, 1991. The 21-day period for filing an application for leave to appeal in the Supreme Court expired on August 12, 1991. The remittitur of record from this Court indicates that the lower court record, together with a certified copy of the judgment, was returned to the circuit court on August 21, 1991. A

* Circuit judge, sitting on the Court of Appeals by assignment.

circuit court document indicates that the record was received on August 27, 1991.

The jury trial on the remaining four counts of plaintiff's complaint commenced on August 19, 1991, and other pretrial proceedings were conducted before that date. Specifically, following the release of this Court's opinion on April 22, 1991, the trial court issued an order on May 21, 1991, scheduling a settlement conference for June 17, 1991, and setting trial for August 19, 1991. On July 19, 1991, the trial court entered an order substituting defense counsel. On July 31, 1991, the trial court entered an order denying a defense motion, which was opposed by plaintiff, to adjourn the scheduled trial. A settlement conference was also conducted on August 9, 1991.

As noted above, a jury trial began on August 19, 1991. Defendant Lever Brothers Company was dismissed at trial by agreement of the parties. Defendant Shedd's Food Products Corporation moved for a directed verdict, which was granted on one count. On August 28, 1991, the jury returned its verdict of no cause of action in favor of Shedd's with regard to the remaining counts.

Plaintiff contends that the trial court was without jurisdiction to conduct the proceedings summarized above until the return of the file from the Court of Appeals.

The applicable law was summarized by this Court in *Swickard v Wayne Co Medical Examiner,* 196 Mich App 98, 100-101; 492 NW2d 497 (1992):

> As a general rule, appellate courts do not retain jurisdiction of cases after issuing opinions and orders in pursuance thereof. *People v Kennedy,* 384 Mich 339, 342; 183 NW2d 297 (1971). The court rules governing the appellate courts contemplate return of the original record to the court

from which the appeal was taken whether the appeal results in affirmance, reversal, or remand for a specified purpose. *Id.* Upon return of the record, the lower court is again vested with jurisdiction over the cause. *Id.* at 343. See, also, *People v Bright,* 126 Mich App 606, 610; 337 NW2d 596 (1983); *People v Pawelczak,* 125 Mich App 231, 241; 336 NW2d 453 (1983). When the mandate of an appellate court is filed in the lower court, that court reacquires the jurisdiction it lost by the initiation of the review proceedings. *Id.*

*Kennedy, supra,* involved the question whether the trial court had jurisdiction to rule on a motion after an appeal to this Court, when the decision of this Court had not specifically remanded the case back to the trial court. The Supreme Court explained:

> As a general rule, appellate courts do not retain jurisdiction of causes after handing down opinions and entry of orders in pursuance thereof.
>
> The rules governing both this Court and the Court of Appeals contemplate return of the original record to the court from which the appeal was taken. This procedure obtains whether the appeal results in affirmance, reversal or remand for a specified purpose.
>
> Under our former practice, this transmission of the original record to the lower court was called the *remittitur. Reynolds v Newago Circuit Judge,* 109 Mich 403; 67 NW 529 (1896). In other jurisdictions, it is sometimes referred to as a *procedendo* or simply the *mandate.*
>
> Our General Court Rules of 1963 use the terms "order" and "final process."
>
> Under whatever name, it is axiomatic that a court speaks through its orders. Appellate courts can, and often do, enter orders directly affecting the rights of the parties. They can and often do enter orders which completely dispose of the litiga-

tion, leaving nothing for the trial court to do upon re-transmission of the record.

But every final order on appeal unless otherwise expressly provided sets in motion the clerical process of re-transmission to the lower court.

Upon return of the record, the lower court is again vested with jurisdiction over the cause. *Dep't of Conservation v Connor,* 321 Mich 648; 32 NW2d 90 (1948).

When the mandate of an appellate court is filed in the lower court, that court reacquires the jurisdiction which it lost by the taking of the review proceedings. 5 Am Jur 2d, Appeal and Error, § 990, p 417. [384 Mich 342-343.]

See also *People v George,* 399 Mich 638; 250 NW2d 491 (1977) (circuit court jurisdiction revests upon Supreme Court's denial of application for leave to appeal a decision of this Court or, if leave is granted, upon the Supreme Court's issuance of a final order or judgment).

Under these authorities, the circuit court in this case did not reacquire jurisdiction until this Court's remittitur was filed. The trial court therefore erred in conducting proceedings on remand from this Court before the record was returned.

We must next decide the effect of the court's error. Plaintiff contends that the error requires that the case be remanded for a new trial because the actions of the circuit court before the return of the record were void for want of subject-matter jurisdiction. We do not agree. We conclude that, in the absence of any objection, the error was harmless.

A court's subject-matter jurisdiction is determined only by reference to the allegations themselves, not the subsequent proceedings. *In re Waite,* 188 Mich App 189, 199; 468 NW2d 912 (1991). Thus, where it is apparent from the allega-

tions of a complaint that the matter alleged is within the class of cases in which a particular court has been empowered to act, subject-matter jurisdiction is present. *Id.* Any subsequent error in the proceedings is only error in the "exercise of jurisdiction," as distinguished from the want of jurisdiction in the first instance. *Id.* Although the want of subject-matter jurisdiction voids a court's orders, the erroneous exercise of jurisdiction does not. *Id.,* p 200, quoting *Jackson City Bank & Trust Co v Fredrick,* 271 Mich 538; 260 NW 908 (1935).

There is no dispute that the circuit court had subject-matter jurisdiction over this case, which is basically a wrongful discharge action claiming over $10,000 in damages. Its actions before the filing of this Court's remittitur or mandate thus were not void, but merely voidable as the erroneous exercise of jurisdiction. Plaintiff did not object to this erroneous exercise of jurisdiction, and, in fact, opposed defendants' motion to adjourn trial until a later date. Further, unlike the situation in *George, supra,* no appellate action was pending or available to plaintiff at the time this case came on for trial; the period for filing an application for leave to appeal in the Supreme Court had expired before trial commenced, and the only remaining action in this Court was "the clerical process of re-transmission to the lower court," *Kennedy, supra,* p 343. Under these circumstances, we decline to order a new trial. As stated in *Schneider v Decker,* 144 Okla 213, 214-215; 291 P 80 (1930):

> There is no showing in the petition that any objection was made by the plaintiff in this action to the retrial of the cause in the trial court before the formal mandate of this court had been there received and spread of record. *The mandate is but the formal advice and order of the Supreme Court to the trial court. It should be transmitted, filed,*

*and recorded before further proceedings are had in
the trial court, but the failure to receive, file, and
record it prior to the further proceedings which
are had in the trial court pursuant to the determi-
nation made by the Supreme Court may be
waived.*

"The mandate of the appellate court remitting
the cause to the lower court is the official mode of
communicating its judgment to the inferior tribu-
nal. But while such a mandate may be necessary,
if proper objection is made, to enable the lower
court to proceed with the cause, still, this is re-
garded as a mere matter of practice; the theory
being that *the judgment of the appellate court
gives the lower court authority to retry the cause,
and if it is proceeded with in the lower court
without objection being made in the absence of the
mandate, the latter has jurisdiction.*" 2 RCL 287.

The Supreme Court of Nebraska, speaking
through Commissioner Roscoe Pound, stated the
rule in the following language:

"If, however, both parties proceed without objec-
tion in the absence of a mandate, if the provisions
of the judgment of reversal are carried out, and
trial had, we do not doubt that the irregularity is
not to be taken advantage of by either party in
appellate proceedings. It is fundamental that no
error is available in such proceedings unless preju-
dicial, and such an irregularity would be technical
only, and without serious results." *Horton v State,*
63 Neb 34; 88 NW 146 (1902).

\* \* \*

This court in several opinions has stated that an
order entered in a cause from which an appeal has
been taken to the Supreme Court, after this court
has rendered its decision and prior to the time
that the mandate of this court has been filed and
spread of record in the lower court, is null and
void.

\* \* \*

The rule announced in these cases goes further
than was required to determine them. Such pro-

ceedings are not void but voidable . . . . [Emphasis added.]

*Schneider* is on all fours with this case and its reasoning is persuasive. Because plaintiff failed to object to the proceedings conducted in the circuit court before this Court's return of the record, the error in conducting those proceedings was harmless.

Affirmed.