TROST v BUCKSTOP LURE COMPANY, INC

Docket No. 220165. Submitted June 6, 2001, at Grand Rapids. Decided February 5, 2002, at 9:00 A.M. Leave to appeal sought.

Fred D. Trost and Fred D. Trost Enterprises, Inc. (hereafter Trost), brought an action in the Montcalm Circuit Court against Buckstop Lure Company, Inc., seeking under MCR 2.612(C)(3) relief from a judgment entered in favor of Buckstop in a prior libel action brought by Buckstop against Trost. Buckstop moved for summary disposition, and the court, David A. Hoort, J., granted the motion on the basis that MCR 2.612(C)(3) provides relief from a judgment only in situations where a defendant was not personally notified or where fraud was perpetrated on the court and that neither of those bases was pleaded by Trost. The court also found that even if MCR 2.612(C)(3) allowed independent actions solely to relieve a party from a judgment, order, or proceeding, as alleged by Trost, there was no showing of facts that would form the basis for such an action. Trost appealed.

The Court of Appeals *held*:

1. MCR.2.612(C)(3) does allow a party to seek relief from a judgment in an independent action on grounds other than extrinsic fraud or nonservice. There was no remedy at law available to Trost because two prior appeals from the judgment in the libel action were dismissed with prejudice. Although the court erred in determining that MCR 2.612(C)(3) only allowed for independent actions based on nonservice or extrinsic fraud, it properly found that even if MCR 2.612(C)(3) provided Trost with an independent action for relief from the judgment, summary disposition in favor of Buckstop was appropriate because Trost failed to plead sufficient facts to state a cause of action.

2. Buckstop properly brought its libel action in the circuit court, and the circuit court had jurisdiction over that claim. Even if Buckstop's complaint in the libel action failed to plead libel with the required degree of specificity, such a failure would not have deprived the court of its jurisdiction over the subject matter.

3. Because the judgment against him is not void for lack of jurisdiction, Trost is not entitled to equitable relief unless he can show that he had a meritorious defense in the underlying case.

4. Five elements must be satisfied for a party to be entitled to independent equitable relief: the judgment must be one that should not, in equity and good conscience, be enforced; there must be a valid defense to the alleged cause of action on which the judgment is founded; fraud, accident, or mistake must have prevented the defendant from obtaining the benefit of the defense; there must have been no negligence or fault on the part of the defendant; and there must be no adequate remedy available at law. Trost failed to establish any of the five elements. The court properly granted summary disposition in favor of Buckstop.

Affirmed.

1. JUDGMENTS — RELIEF FROM JUDGMENTS — INDEPENDENT ACTIONS.

Extrinsic fraud and nonservice of process are not the only grounds on which a party in an independent action pursuant to MCR 2.612(C)(3) may seek relief from a judgment.

2. LIBEL AND SLANDER — CIRCUIT COURTS — SUBJECT-MATTER JURISDICTION.

Circuit courts have subject-matter jurisdiction over claims alleging libel unless the constitution or statutes provide otherwise (Const 1963, art 6, §§ 1, 13; MCL 600.601, 600.605, 600.2911).

3. LIBEL AND SLANDER — CIRCUIT COURTS — SUBJECT-MATTER JURISDICTION.

Whether a circuit court has subject-matter jurisdiction to hear a libel action depends on the allegations pleaded, not on the truth or falsity of the claim.

4. JUDGMENTS — RELIEF FROM JUDGMENTS — EQUITY — INDEPENDENT ACTIONS.

Five essential elements must be satisfied for a party to be entitled to independent equitable relief from a judgment: the judgment must be one that should not, in equity and good conscience, be enforced; there must be a valid defense to the alleged cause of action on which the judgment is founded; fraud, accident, or mistake must have prevented the defendant from obtaining the benefit of the defense; there must have been no negligence or fraud on the part of the defendant; and there must be no adequate remedy available at law.

*Golden and Kunz, P.C.* (by *Robert H. Golden* and *Armand D. Kunz*), for the plaintiffs.

*Glassen, Rhead, McLean, Campbell & Schumacher* (by *Kevin V. B. Schumacher*), for the defendant.

Before: NEFF, P.J., and DOCTOROFF and WILDER, JJ.

PER CURIAM. In this action seeking relief from a judgment, plaintiffs Fred D. Trost and Fred D. Trost Enterprises, Inc.,[1] appeal as of right from a trial court order granting defendant summary disposition pursuant to MCR 2.116(C)(8). We affirm.

### I. FACTS AND PROCEEDINGS

In 1992, defendant Buckstop Lure Company, Inc., filed a libel action against plaintiffs Fred D. Trost and Fred D. Trost Enterprises, Inc., in the Montcalm Circuit Court. Following a several-week trial, the trial court entered a judgment in the amount of $4 million in favor of Buckstop. As a result of that judgment, Trost filed an application for delayed leave to appeal on April 1, 1994. The parties then stipulated to dismiss the appeal with prejudice. Subsequently, on January 12, 1995, Trost filed another claim of appeal, seeking to appeal an order denying a motion to set aside a default. Again, this appeal was, by stipulation of the parties, dismissed with prejudice.

Then, on February 10, 1999, Trost filed in the circuit court the instant independent action against Buckstop. This action sought relief from the judgment in the previous action pursuant to MCR 2.612(C)(3). Specifically, Trost alleged (1) that the court in the previous action lacked subject-matter jurisdiction, (2) that the proofs elicited by Trost's counsel at trial had been "infirm and not cognizable by [the] court," (3) that the prior judgment had been "based upon an improper statement and understanding of the law by

---

[1] For ease of reference, because Fred D. Trost and Fred D. Trost Enterprises, Inc., are for all practical purposes the same entity, we will refer to both plaintiffs simply as "Trost."

the Court," (4) that the conduct of and preparation for trial by Trost's counsel had been "either absent, incompetent or negligently performed and that [Trost] was deprived of the advice and presence of competent counsel," and (5) that "manifest injustice" had taken place as a result of these actions.

Rather than filing an answer to Trost's complaint, Buckstop moved for summary disposition pursuant to MCR 2.116(C)(8), arguing that MCR 2.612(C)(3) allowed a court to grant relief from a judgment in an independent action only if a party performed fraud on the court. In response, Trost argued that MCR 2.612(C)(3) provided three bases for an independent action seeking relief from judgment: (1) to relieve a party from a judgment, order, or proceeding, (2) to grant relief to a defendant not actually served, and (3) to set aside a judgment for fraud on the court. Trost further maintained that if the court did not have subject-matter jurisdiction over the underlying libel claim, MCR 2.612(C)(3) permits him to seek relief from the judgment. The trial court granted defendant's motion, finding that MCR 2.612(C)(3) provides relief from a judgment only when a defendant had not been personally notified or when fraud was perpetrated on the court, and that neither of those two bases had been pleaded by Trost. The trial court also found that even if MCR 2.612(C)(3) allowed independent actions solely "to relieve a party from a judgment, order, or proceeding," there was no showing of facts that would form the basis for such an action.

## II. STANDARD OF REVIEW

This Court reviews de novo the grant of summary disposition, *Crown Technology Park v D&N Bank*,

*FSB*, 242 Mich App 538, 546; 619 NW2d 66 (2000), and will not affirm summary disposition under MCR 2.116(C)(8) unless the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a judgment in favor of the nonmoving party. *Smith v Stolberg*, 231 Mich App 256, 258; 586 NW2d 103 (1998). For a motion to be granted under MCR 2.116(C)(8), the pleadings must make it clear that the plaintiff has failed to state a claim on which relief can be granted and that no amount of factual development would justify the plaintiff's claim for relief. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998).

### III. ANALYSIS

The first question that we must decide is whether MCR 2.612(C)(3) allows a party to seek relief from a judgment in an independent action on grounds other than extrinsic fraud or nonservice. We conclude that it does.

MCR. 2.612(C)(3) provides:

> This subrule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding; to grant relief to a defendant not actually personally notified as provided in subrule (B); or to set aside a judgment for fraud on the court.

The express language of MCR 2.612(C)(3) provides that the provisions in MCR 2.612(C)(1) and (2) in no way "limit[s] the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding . . . ." Hence, a party need not allege fraud or nonservice in order to seek relief from a judgment in an independent action pursuant to

MCR 2.612(C)(3). In this regard, we find the following commentary to be particularly persuasive:

> MCR 2.612(C)(3) expressly notes that its provision for relief from judgment by a motion directly in the same proceedings "does not limit the power of a court to entertain an independent action to relieve a party from a judgment." In Michigan, an independent action in chancery for relief from a judgment has been long recognized. Such independent equitable actions granted relief either by setting aside the judgment, if rendered by the same court, or by enjoining its enforcement or execution or declaring it void, if rendered by another court. This equitable relief was most frequently granted as to judgments at law but was also available to restrain enforcement of an equity decree itself.
>
> Relief from a judgment by an independent equitable action has been recognized in Michigan as proper on numerous grounds, including the following: *judgment void for lack of jurisdiction*; newly-discovered evidence; after-discovered defense; and extrinsic fraud in the procurement of a judgment. If the judgment is not void for lack of jurisdiction, the party seeking relief from a judgment by an independent equitable action must show that it has a meritorious defense or cause of action before equitable relief will be given. [Michigan Court Rules Practice, Rule 2.612, § 2612.17, p 483 (citations omitted; emphasis added).]

In the instant case, Trost based his complaint on five factual grounds, including lack of subject-matter jurisdiction. Because the two prior appeals were dismissed with prejudice, there was no remedy at law available to Trost; therefore, the complaint, on its face, fulfilled the requirements of MCR 2.612(C)(3) and case law on independent actions. Accordingly, the trial court erred in determining that MCR 2.612(C)(3) only allowed for independent actions based on nonservice or extrinsic fraud.

Nonetheless, the court also found that even if MCR 2.612(C)(3) provided Trost with an independent action for relief from the judgment, he had not pleaded sufficient facts to state a cause of action, and therefore, Buckstop was entitled to summary disposition. We agree.

In his complaint, Trost first alleged that because the court did not have subject-matter jurisdiction of Buckstop's initial libel claim, he was entitled to relief from the judgment. We disagree. As stated in *Grubb Creek Action Committee v Shiawassee Co Drain Comm'r*, 218 Mich App 665, 668-669; 554 NW2d 612 (1996):

> Jurisdiction is the power of a court to act and the authority of a court to hear and determine a case. A court's subject-matter jurisdiction is determined only by reference to the allegations listed in the complaint. If it is apparent from the allegations that the matter alleged is within the class of cases with regard to which the court has the power to act, then subject-matter jurisdiction exists. Any subsequent error in the proceedings amounts to error in the exercise of jurisdiction. When a court lacks subject-matter jurisdiction, the court's acts and proceedings are of no force and validity.
>
> An order entered without subject-matter jurisdiction may be challenged collaterally and directly. Error in the exercise of jurisdiction may be challenged only on direct appeal. The erroneous exercise of jurisdiction does not void a court's jurisdiction as does the lack of subject-matter jurisdiction. However, error in the exercise of jurisdiction can result in the setting aside of the judgment. [Internal citations omitted.]

See also *In re Hatcher*, 443 Mich 426, 439; 505 NW2d 834 (1993), *Luscombe v Shedd's Food Products Corp*, 212 Mich App 537, 541; 539 NW2d 210 (1995), and *In*

*re Waite,* 188 Mich App 189, 196-197, 200; 468 NW2d 912 (1991).

The prior action against Trost alleged libel and was brought in the circuit court. In Michigan, the circuit courts are courts of general jurisdiction and are vested with "original jurisdiction to hear and determine all civil claims" unless the constitution or statutes provide otherwise. MCL 600.605; see also MCL 600.601 and Const 1963, art 6, §§ 1, 13. The Legislature has provided for civil actions alleging libel. MCL 600.2911. In providing for these civil actions, the Legislature did not indicate that libel claims were to be brought in a court other than the circuit court. *Id.* Thus, it is apparent that Buckstop properly brought its libel action against Trost in the circuit court and that the circuit court had subject-matter jurisdiction over that claim. *Grubb, supra;* MCL 600.601, 600.2911; Const 1963, art 6, §§ 1, 13.

Trost argues that although Buckstop filed a complaint sounding in libel, because the complaint failed to allege when the libel took place, where and when it was published, and what words were false and stated with malice,[2] the circuit court lacked subject-matter jurisdiction. However, because subject-matter jurisdiction does not depend on whether the claim is true or false, but instead on the allegations pleaded (and not the facts), *Luscombe, supra; Waite, supra* at

---

[2] In the event that these allegations are true, we note that Trost's recourse was to move for summary disposition pursuant to MCR 2.116(C)(8). See *Rouch v Enquirer & News of Battle Creek (After Remand),* 440 Mich 238, 272; 487 NW2d 205 (1992) (RILEY, J., concurring). However, the record does not indicate that Trost ever filed such a motion. Instead, the matter proceeded to a judgment. Because the matter proceeded to a judgment, Trost's remedy was an appeal as of right challenging the judgment, not an independent action. See *Waite, supra* at 200.

199, quoting *Fox v Martin*, 287 Mich 147, 152; 283 NW 9 (1938), whether Buckstop's libel claim was sufficiently pleaded is of little import in determining whether the circuit court had subject-matter jurisdiction. Rather the focus is on whether the circuit court had a legal right to hear a particular case. *Buczkowski v Buczkowski*, 351 Mich 216, 221-222; 88 NW2d 416 (1958); *Waite, supra* at 201, n 1. *Buczkowski, supra* at 222, illustrates the shortcomings of Trost's argument:

> The loose practice has grown up, even in some opinions, of saying that a court had no "jurisdiction" to take certain legal action when what is actually meant is that the court had no legal "right" to take the action, that it was in error. If the loose meaning were correct it would reduce the doctrine of *res judicata* to a shambles and provoke endless litigation, since any decree or judgment of an erring tribunal would be a mere nullity.

Thus, while Trost may be correct in asserting that Buckstop's complaint in the prior action failed to plead libel with the required degree of specificity, such a failure would not have deprived the court of its jurisdiction over the subject matter. *Grubb, supra*; *Luscombe, supra*; *Waite, supra*. Trost's subject-matter jurisdiction allegation failed to state a claim on which relief could be granted, and therefore, Buckstop was entitled to summary disposition of this issue.

Because the judgment against Trost is not void for lack of jurisdiction, he is not entitled to equitable relief unless he can show that he had a meritorious defense in the underlying case. Michigan Court Rules Practice, *supra*, pp 482-484; *Finn v Adams*, 138 Mich 258, 261; 101 NW 533 (1904). We have not found any Michigan case that describes with precision what

must be provided in order to establish a meritorious defense. However, we note that federal courts have held that five essential elements must be satisfied for a party to be entitled to independent equitable relief: (1) the judgment is one that ought not, in equity and good conscience, be enforced, (2) there is a valid defense to the alleged cause of action on which the judgment is founded, (3) fraud, accident, or mistake prevented the defendant from obtaining the benefit of the defense, (4) there was no negligence or fault on the part of the defendant, and (5) there is no adequate remedy available at law. See Michigan Court Rules Practice, *supra*, pp 483-484, citing *In re West Texas Marketing Corp*, 12 F3d 497, 503, n 3 (CA 5, 1994), and *Bankers Mortgage Co v United States*, 423 F2d 73, 79 (CA 5, 1970). See also *Cresswell v Sullivan & Cromwell*, 922 F2d 60, 71 (CA 2, 1990), and *Carteret Savings & Loan Ass'n v Jackson*, 812 F2d 36, 39, n 6 (CA 1, 1987). Because we conclude that this federal test adequately reflects what Michigan requires in order to be entitled to relief from a judgment in an independent equitable action, we adopt it as our own.

Applying these five elements to the facts here, Trost fails to establish entitlement to relief from the judgment. Nothing in the lower court record establishes that Trost had a valid defense to the underlying cause of action. Because Trost has failed to establish a valid defense, it is evident that fraud, accident, or mistake did not prevent Trost from obtaining the benefit of a defense and that he is not entitled to a legal remedy. Further, there is no evidence disproving his own negligence or fault or suggesting that the prior judgment should not, in equity or good conscience, be enforced. Accordingly, Trost failed to establish any of

the five elements and, as such, the trial court correctly granted Buckstop's motion for summary disposition.[3]

Affirmed.

---

[3] On appeal defendant also requested that this Court sanction Trost and award it actual costs and attorney fees. However, a review of the lower court record reveals that defendant never properly moved for sanctions. Thus, because defendant did not properly move for sanctions below, see MCR 2.114(E) and (F); MCR 2.625(A)(2), and the trial court declined to award them sua sponte, MCR 2.114(E), we decline to address this unpreserved issue on appeal. *Richmond Twp v Erbes*, 195 Mich App 210, 225; 489 NW2d 504 (1992), citing *Lowman v Karp*, 190 Mich App 448, 454; 476 NW2d 428 (1991). The Supreme Court effectively overruled *Richmond* on other grounds in *Bechtold v Morris*, 443 Mich 105, 108-109; 503 NW2d 654 (1993).