*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

GREGORY CARL WASHINGTON,

Defendant-Appellee.

FOR PUBLICATION
September 17, 2019
9:00 a.m.

No. 336050
Wayne Circuit Court
LC No. 04-004270-01-FC

ON REMAND

Before: O'BRIEN, P.J., and JANSEN and STEPHENS, JJ.

PER CURIAM.

Our Supreme Court, in lieu of granting leave to appeal, vacated this Court's prior judgment in *People v Washington*, 321 Mich App 276; 908 NW2d 924 (2017), and remanded for "reconsideration in light of *Luscombe v Shedd's Food Prod Corp*, 212 Mich App 537; 539 NW2d 210 (1995). *People v Washington*, ___ Mich ___, ___; ___ NW2d ___ (2019) (Docket No. 156648). On remand, we reverse and remand for further proceedings.

This Court previously articulated the relevant factual background as follows:

On November 10, 2004, defendant was convicted after a jury trial of second-degree murder, MCL 750.317, two counts of assault with intent to commit murder (AWIM), MCL 750.83, possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b, and felon in possession of a firearm (felon-in-possession), MCL 750.224f. On December 13, 2004, the trial court sentenced defendant, a second-offense habitual offender, MCL 769.10, to 40 to 60 years' imprisonment for the second-degree murder conviction, life imprisonment for each AWIM conviction, 2 years' imprisonment for the felony-firearm conviction, and 2 to 7½ years' imprisonment for the felon-in-possession conviction. The trial court's sentence for second-degree murder represented a 12-month upward departure from the applicable guidelines range.

On January 7, 2005, defendant appealed as of right his convictions and sentences on a number of grounds. Relevant here, defendant challenged the propriety of the trial court's upward departure from the sentencing guidelines range for second-degree murder without stating on the record "substantial and compelling reasons" for the departure as required under MCL 769.34(3).[3] In a June 13, 2006 unpublished opinion, this Court affirmed defendant's convictions, but agreed that "the trial court did not satisfy MCL 769.34(3) when imposing a sentence outside the prescribed sentencing guidelines range." *People v Washington*, unpublished per curiam opinion of the Court of Appeals, issued June 13, 2006 (Docket No. 260155), p 8. This Court remanded for resentencing, directing the trial court to reconsider the propriety of its sentence and articulate substantial and compelling reasons for any departure as required by MCL 769.34(3). *Id*. at 8-9.

Defendant's issues on appeal included ineffective assistance of trial counsel for failure to raise an insanity defense and failure to file a motion for a new trial based on the assertion that defendant's convictions were against the great weight of the evidence, violation of a sequestration order by the prosecution's witnesses, and prosecutorial misconduct.

On the date of defendant's sentencing, MCL 769.34(3) provided that "[a] court may depart from the appropriate sentence range established under the sentencing guidelines . . . if the court has a substantial and compelling reason for that departure and states on the record the reasons for departure." MCL 769.34(3) was later struck down in *People v Lockridge*, 498 Mich 358, 391-392; 870 NW2d 502 (2015), and the substantial and compelling reason requirement was replaced with a requirement that a departure be reasonable.

On August 8, 2006, defendant filed an application for leave to appeal in the Michigan Supreme Court. On October 4, 2006, while the application was still pending, the trial court resentenced defendant pursuant to this Court's June 13, 2006 opinion and remand, imposing identical sentences and offering a number of justifications for the departure. The Supreme Court denied defendant's application for leave to appeal on December 28, 2006. *People v Washington*, 477 Mich 973 (2006).

On December 4, 2006, about three weeks before the Supreme Court denied defendant's initial application, defendant filed in this Court a delayed application for leave to appeal the resentencing order, again arguing that the trial court failed to articulate on the record the required "substantial and compelling reasons" for the upward departure from defendant's sentencing guidelines for second-degree murder. This Court denied defendant's application "for lack of merit." *People v Washington*, unpublished order of the Court of Appeals, entered May 4, 2007 (Docket No. 274768). Defendant filed an application for leave to appeal in the Michigan Supreme Court on June 28, 2007, which that Court denied. *People v Washington*, 480 Mich 891 (2007).

Several months later, on March 25, 2008, defendant filed a motion for relief from judgment in the trial court pursuant to MCR 6.502, raising claims of (1) insufficient evidence, (2) denial of his right to present an insanity defense, (3) ineffective assistance of trial counsel, and (4) ineffective assistance of appellate counsel. On July 9, 2008, the trial court denied defendant's motion under MCR 6.508(D)(3) for failure to demonstrate good cause for not raising the issues in a prior appeal and failure to show actual prejudice. This Court denied defendant's July 8, 2009 delayed application for leave to appeal the trial court's decision, *People v Washington*, unpublished order of the Court of Appeals, entered October 19, 2009 (Docket No. 292891), and the Michigan Supreme Court denied defendant leave to appeal this Court's denial, *People v Washington*, 486 Mich 1042 (2010).

On June 22, 2016, after exhausting all available post[-]conviction relief, defendant filed his second motion for relief from judgment—the motion giving rise to the instant appeal. Defendant challenged his sentences on jurisdictional grounds, arguing that the trial court's October 4, 2006 order after resentencing was invalid because the court lacked jurisdiction to resentence defendant while his application remained pending before the Michigan Supreme Court. In response, the prosecution argued that defendant's successive motion for relief from judgment was clearly barred by MCR 6.502(G), which prohibits successive motions for relief from judgment unless there has been a retroactive change in the law or new evidence has been discovered. In a November 22, 2016 written order and opinion, the trial court indicated its agreement with the prosecution's argument but noted that the prosecution had failed to address the jurisdictional issue, which "may be raised at any time." The trial court concluded that under MCR 7.215(F)(1)(a), MCR 7.305(C)(6)(a), and relevant caselaw, it had lacked jurisdiction to enter the October 4, 2006 judgment of sentence. The trial court granted defendant's motion, vacated defendant's sentences, and ordered resentencing. [*Washington*, 321 Mich App at 278-282 (footnotes omitted).]

Defendant again appealed to this Court. This Court affirmed, concluding that,

[t]he trial court properly recognized that its October 4, 2006 judgment of sentence was a nullity, and its compliance with this Court's June 13, 2006 remand for resentencing was incomplete. Under MCL 600.611, "[c]ircuit courts have jurisdiction and power to make any order proper to fully effectuate the circuit courts' jurisdiction and judgments." Therefore, the trial court did not err when it vacated the October 4, 2006 judgment of sentence and ordered a resentencing hearing. And while, as previously discussed, the trial court erred when it granted defendant's motion for relief from judgment in contravention of MCR 6.502, "[a] trial court's ruling may be upheld on appeal where the right result issued, albeit for the wrong reason." *Gleason v Dep't of Transp*, 256 Mich App 1, 3; 662 NW2d 822 (2003). [*Washington*, 321 Mich App at 286-287.]

The prosecution again sought leave to appeal this Court's decision to our Supreme Court. In lieu of granting leave to appeal, our Supreme Court vacated this Court's decision and remanded for reconsideration.

Again, the trial court resentenced defendant in response to this Court's 2006 remand order in Docket No. 260155, but did so while a timely application for leave was pending in our Supreme Court. The trial court therefore acted in response to a judgment from this Court that was not yet effective. MCR 7.215(F)(1)(a). Although defendant did not make issue of this irregularity in his first motion for relief from judgment, several years later defendant persuaded the trial court to vacate his sentence for that reason. See *Washington*, 321 Mich App at 281-282.

Although MCR 6.502(G)(1) generally prohibits successive motions for relief from judgment, and Subrule (G)(2) excepts those "based on a retroactive change in law . . . or a claim of new evidence" arising after the first motion, or where the court "concludes that there is a significant possibility that the defendant is innocent of the crime," the trial court characterized the irregularity as one of subject-matter jurisdiction, and tacitly treated that defect as an unstated additional exception. " 'Jurisdiction of the subject matter of a judicial proceeding is an absolute requirement.' " *Washington*, 321 Mich App at 285, quoting *In re AMB*, 248 Mich App 144, 166; 640 NW2d 262 (2001) (quotation marks and citation omitted). " 'When a court is without jurisdiction of the subject matter, its acts and proceedings are of no force and validity; they are a mere nullity and are void.' " *Washington*, 321 Mich App at 285, quoting *People v Clement*, 254 Mich App 387, 394; 657 NW2d 172 (2002) (quotation marks and citation omitted). " 'Jurisdictional defects may be raised at any time.' " *Washington*, 321 Mich App at 285, quoting *People v Martinez*, 211 Mich App 145, 149; 535 NW2d 236 (1995). See also *People v Richards*, 205 Mich App 438, 444; 517 NW2d 823 (1994) ("It is a fundamental principle that defects in personal jurisdiction may be waived, whereas subject-matter jurisdiction may not be waived and may be raised at any time.").

Indeed, "Courts are bound to take notice of the limits of their authority." *People v Jones*, 203 Mich App 74, 78; 512 NW2d 26 (1993). In light of our Supreme Court's directive to reconsider our prior conclusions in light of *Luscombe*, we again consider the distinction between whether the trial court had subject-matter jurisdiction and whether the court properly exercised that jurisdiction.

"Jurisdiction of the subject matter is the right of the court to exercise judicial power over a class of cases, not the particular case before it; to exercise the abstract power to try a case of the kind or character of the one pending." *Altman v Nelson*, 197 Mich App 467, 472; 495 NW2d 826 (1992).

> Want of jurisdiction must be distinguished from error in the exercise of jurisdiction. . . . Error in the determination of questions of law or fact upon which the court's jurisdiction in the particular case depends, the court having general jurisdiction of the cause and the person, is error in the exercise of jurisdiction. [*In re Hatcher*, 443 Mich 426, 438-39; 505 NW2d 834 (1993) (quotation marks and citations omitted), overruled in part on other grounds in *In re Ferranti, Minor*, ___ Mich ___; ___ NW2d ___ (Docket No. 157907, decided June 12, 2019).]

In *Winkler v Marist Fathers of Detroit, Inc*, 500 Mich 327; 901 NW2d 566 (2017), our Supreme Court, in the course of explaining why the ecclesiastical abstention doctrine "may affect how a civil court exercises its subject matter jurisdiction over a given claim" but "does not divest a court of such jurisdiction altogether," *id.* at 330, reiterated its caution against "the loose practice that has grown up, even in some opinions, of saying that a court had no 'jurisdiction' to take certain legal action when what is actually meant is that the court had no legal 'right' to take the action, that it was in error," *id.* at 336 n 3 (selected quotation marks and citations omitted). See also *United States v George*, 676 F3d 249, 259 (CA 1, 2012) ("less than meticulous practice has given the word 'jurisdiction' a chameleon-like quality") (quotation marks and citations omitted); *Neal v Oakwood Hosp Corp*, 226 Mich App 701, 707-709; 575 NW2d 68 (1997) (SMOLENSKI, J., joined by WHITE, P.J., and BANDSTRA, J.) (noting instances where purely procedural constraints on courts' taking certain actions at certain times did not deprive the courts of subject-matter jurisdiction).

> "There is a wide difference between a want of jurisdiction in which case the court has no power to adjudicate at all, and a mistake in the exercise of undoubted jurisdiction in which case the action of the trial court is not void although it may be subject to direct attack on appeal. This fundamental distinction runs through all the cases." [*Buczkowski v Buczkowski*, 351 Mich 216, 222; 88 NW2d 416 (1958), quoting *Jackson City Bank & Trust Co v Fredrick*, 271 Mich 538, 544; 260 NW2d 908 (1935).]

A commentator discussing developments in Florida law in this regard stated as follows:

> "Jurisdiction of the subject matter" means that the court's authority over a particular incident, transaction, or circumstances that constitutes the "subject matter" of the case has been activated, as required by procedural law. Similarly, jurisdiction "of the parties" means more than personal jurisdiction—it means the court's existing legal authority over the parties has been activated in a procedurally proper way, usually service of process. Thus if one expects the "big two" categories of jurisdiction from law school to be the only categories, there are thousands of references to jurisdiction . . . that would not make any sense at all. But when one perceives that those references pertain to the question of whether the applicable procedural law affords the court a green light to proceed under the circumstances, it becomes evident that an entirely distinct category exists, and although some inconsistency marked its development, in recent decades, the body of procedural law of jurisdiction . . . has become increasingly coherent. All that remains is to formally recognize the existence of procedural jurisdiction as a distinct species, and to eradicate the vestiges of its confusion with subject matter jurisdiction. [Stephens, *Florida's Third Species of Jurisdiction*, 82 Fla B J 10, 22 (March 2008) (footnote omitted).]

Examples of "jurisdiction" used in the sense of a court's procedural or operational prerogative to act, as opposed to its general authority, are illustrative. For example, in child custody disputes, the question of the family court's assumption of jurisdiction over a child implicates not the court's authority in connection with that class of cases, but rather whether the

plaintiff has a legitimate cause of action.  See *Bowie v Arder*, 441 Mich 23, 39-40; 490 NW2d 568 (1992).  Likewise child protection cases, where objections to the court's assumption of jurisdiction over the child routinely challenge the petition's factual predicates, not the court's authority over the pertinent class of cases.  Also illustrative is that when this Court remands a case to the original tribunal while retaining jurisdiction, it is the operational exercise of jurisdiction that this Court is retaining, there being no question of this Court's general subject-matter jurisdiction.

In *Luscombe*, 212 Mich App 537, this Court summarized the rules governing how a trial court reacquires "jurisdiction" over a case after an appeal.  *Id.* at 539-541.  Because this Court was describing a trial court's surrendering jurisdiction of a particular case to an appellate court, then reacquiring it after appellate proceedings, it was obviously not discussing subject-matter or personal jurisdiction, neither of which comes or goes depending on a case's procedural posture, but rather was discussing what the Florida commentator above described as "procedural jurisdiction."  This Court expressly rejected the characterization of the trial court's having prematurely taken action in response to this Court's remand order as an error implicating subject-matter jurisdiction, and held that, in the absence of any objection, such merely procedural error is harmless.  *Id.* 541-544.

In light of the authorities endeavoring to observe the distinction between the existence of subject-matter jurisdiction and the exercise of it, and in light especially of the Supreme Court's call for deciding this case in accord with *Luscombe*, we conclude that the timing error at issue was not a structural error occasioned by a lack of subject-matter jurisdiction.  Rather, the error was merely procedural in nature, occasioned by premature activity.  We further conclude that this error was rendered harmless by the lack of any objection.  Such an unpreserved error is not grounds for granting posttrial relief, either in the form of relief from judgment under MCR 6.502(G), or an order effectuating the court's jurisdiction or judgments under MCL 600.611.  Based on the foregoing, we reverse the trial court's decision to allow resentencing on defendant's successive motion for relief from judgment, and remand to the trial court for the limited purpose of reinstating the sentences imposed on October 4, 2006.

Reversed and remanded for further proceedings.  We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Kathleen Jansen
/s/ Cynthia Diane Stephens

-6-