McGREGOR v COGGINS DRAIN BOARD OF DETERMINATION

Docket No. 109224. Submitted April 18, 1989, at Lansing. Decided August 8, 1989.

A board of determination convened by the Genesee County Drain Commissioner to consider a petition to clean out, widen, deepen and straighten the Coggins Drain issued an order of necessity after finding the proposed project to be necessary and conducive to public health, convenience and welfare. Timothy and Lynette McGregor and several other individuals brought an action in Genesee Circuit Court against the board of determination, the drain commissioner and the Genesee County Road Commission. Plaintiffs sought to have vacated the board's order of necessity. Plaintiffs filed a motion for summary disposition. Instead of a hearing on the motion, the court conducted an immediate bench trial, at which it received testimony and exhibits. The court, Philip C. Elliott, J., vacated the order of necessity, ruling that the board, in addition to its function of determining necessity, had a duty to consider various solutions to the flooding problem that gave rise to the petition, and that the board's failure to consider possible solutions necessitated reversal of its order. Defendants appealed.

The Court of Appeals *held*:

1. Under the provisions of the Drain Code, the function of a board of determination is to decide whether a proposed project is necessary. Once a determination of necessity is made, it is the drain commissioner who has responsibility for considering and choosing from the various alternatives available for implementing the proposed project.

2. Judicial review of the board's order should have been limited to a determination of whether the order was supported by competent, material and substantial evidence. The circuit court erred to the extent it exceeded this standard of review.

Reversed and remanded for reinstatement of the order of necessity.

REFERENCES

Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions §§ 337 *et seq.*, 569-574.

See the Index to Annotations under Counties; Drains and Drainage.

DRAINS — BOARDS OF DETERMINATION — ORDERS OF NECESSITY.

The function of a board of determination convened by a county drain commissioner to consider a petition to clean out, widen, deepen and straighten a drain is to decide whether the proposed project is necessary; once a determination of necessity is made, it is the drain commissioner who has responsibility for considering and choosing from the various alternatives available for implementing the proposed project (MCL 280.72, 280.73; MSA 11.1072, 11.1073).

*Peter M. Doerr,* for plaintiffs.

*Mansour, Rizik, Rizik & Zinstmaster, P.C.* (by *Anthony J. Mansour*), for defendants.

Before: SULLIVAN, P.J., and SAWYER and MARILYN KELLY, JJ.

MARILYN KELLY, J. Defendants appeal the judgment of the Genesee Circuit Court vacating the order of necessity issued by a board of determination under the Drain Code of 1956, MCL 280.1 *et seq.*; MSA 11.1001 *et seq.* We reverse.

On February 2, 1987, a petition was filed to clean out, widen, deepen and straighten the Coggins Drain. In accordance with the provisions of the Drain Code, the drain commissioner appointed a board of determination. Its purpose was to decide whether the proposed project was necessary and conducive to the public health, convenience and welfare. Notices were sent to all landowners who would be affected and a hearing was held on April 28, 1987. The board concluded that there was a problem with flooding. It also requested that alternatives to the proposed open drain be considered by the drain commissioner. The board of determination filed an order finding necessity.

On May 15, 1987, plaintiffs brought an action in circuit court challenging the board's finding of necessity. They next filed a motion for summary

disposition. In it they contended that the finding of necessity was not supported by competent evidence and that the drain commissioner lacked jurisdiction to act on the order.

Instead of deciding the motion, the circuit judge scheduled an immediate bench trial. After taking testimony and receiving exhibits, he vacated the finding of necessity. The court concluded that there was a flooding problem, but expressed concern over the way it should be corrected. The members of the board of determination had testified that they believed their function was to decide whether a problem existed, not to approve the solution. The judge disagreed. He reasoned that the board had a duty to consider various solutions. He held that the failure of board members to understand their function and consider all pertinent evidence was a fundamental defect necessitating reversal.

On appeal, defendants argue that the court erred in defining the function of the board of determination. They contend that the board's function is to determine whether a problem exists. Then the drain commissioner is responsible for assessing possible solutions. We agree.

The Drain Code provides that before a drain project can proceed, an administrative tribunal consisting of three disinterested persons must be appointed. MCL 280.72; MSA 11.1072. This tribunal, the board of determination, then makes a factual determination concerning the necessity of the proposed project. If the board finds that the project is necessary, then the drain commissioner establishes the location for commencement, terminus, the route and type of construction of the drain. MCL 280.72(3); MSA 11.1072(3). The commissioner is required to employ engineers to make recommendations as to the most feasible route and

method of solving the problem. In approving the route, he is not limited to the proposal in the petition or to the order of determination. If a different route is found to be more efficient and serviceable, he may substitute it. MCL 280.73; MSA 11.1073.

The Drain Code represents the Legislature's attempt to bring together and organize all laws regarding drains. The code provides specific procedures to enable controversies to be heard swiftly and settled with finality. *Muskegon Twp v Muskegon Co Drain Comm'r,* 76 Mich App 714, 717; 257 NW2d 224 (1977), lv den 402 Mich 834 (1977). In the interest of efficiency and economy, the code requires a finding of necessity before the expenditure of funds for engineers who then determine the best solution to a problem.

We conclude that the circuit court erred in deciding that it is the board which must determine the best solution to a problem. The function of the board of determination is to decide whether a proposed project is necessary. Once it has made that determination, the commissioner has the responsibility of finding the best alternative.

Defendants also argue that the circuit court applied the wrong standard of review. They contend that the court improperly considered new evidence rather than reviewing the evidence that was presented to the board. We agree.

In this case the circuit court conducted a trial and admitted evidence. To the extent that the court questioned whether the board's decision was supported by competent, material, and substantial evidence, it proceeded appropriately. *Battjes Builders v Kent Co Drain Comm'r,* 15 Mich App 618, 623-624; 167 NW2d 123 (1969); *Hitchingham v Washtenaw Co Drain Comm'r,* 179 Mich App 154; 445 NW2d 487 (1989). However it erred when it

reviewed the matter de novo and entertained new evidence. *Hitchingham, supra.*

The circuit court made the specific finding that the board was correct in deciding a flooding problem exists. Therefore, there is no need to remand for a determination under the appropriate standard of review.

Reversed and remanded for reinstatement of the board's April 28, 1987, order of determination of necessity. We do not retain jurisdiction.