GRUBB CREEK ACTION COMMITTEE v SHIAWASSEE COUNTY DRAIN
COMMISSIONER

Docket No. 178001. Submitted May 15, 1996, at Lansing. Decided September 10, 1996, at 9:10 A.M.

Grubb Creek Action Committee and others brought an action in the Shiawassee Circuit Court against the Shiawassee County Drain Commissioner and others, seeking to set aside the finding of a board of determination that work relating to the cleaning out and improving of the Grubb and Extension Drain was necessary and conducive to the public health, convenience, and welfare. The court, James T. Kallman, J., found that the board's finding of necessity was supported by competent, material, and substantial evidence, but, on the basis of the board's recommendation that the drain be only spot-cleaned, limited the board's finding of necessity to cleaning out the drain in spots, and entered an order to that effect. Approximately two years after entry of that order, the plaintiffs moved for declaratory relief on the basis that the proposal submitted by the drain commissioner for work on the Grubb drain exceeded the spot cleaning authorized by the court's order. The court, Gerald D. Lostracco, J., ordered that the work on the drain be limited to the spot cleaning. The defendants appealed.

The Court of Appeals *held*:

1. By statute, a finding of necessity by a drain board of determination is subject to review by means of an action instituted in the circuit court. Accordingly, because the plaintiffs' action sought the review of the board's findings as authorized by statute, the circuit court had subject-matter jurisdiction to undertake that review.

2. Although the circuit court had subject-matter jurisdiction to undertake review of the board's finding of necessity, the court erred in the exercise of that jurisdiction. A circuit court's review of a finding of necessity of a board of determination is limited to determining whether the board's decision is authorized by law and whether the board's findings of fact are supported by material, substantial, and competent evidence on the whole record. The circuit court exceeded its scope of review by limiting the board's determination to spot cleaning. Once the court found that the board's finding of necessity was authorized by law and supported by material,

substantial, and competent evidence on the whole record, it had fully exercised its statutory jurisdiction, and it should have left the determination of the scope of the work to be undertaken to the drain commissioner.

Reversed.

1. DRAINS — BOARDS OF DETERMINATION — FINDING OF NECESSITY — CIRCUIT COURTS — JURISDICTION.

A circuit court has subject-matter jurisdiction to review a finding of necessity of a drain board of determination (MCL 280.72a; MSA 11.1172[1]).

2. DRAINS — BOARDS OF DETERMINATION — FINDING OF NECESSITY — STANDARD OF REVIEW.

The standard of review of a finding of necessity of a drain board of determination is limited to determining whether the board's decision is authorized by law and whether the board's findings of fact are supported by material, substantial, and competent evidence on the whole record (MCL 280.72a; MSA 11.1172[1]).

*Lynn D. Bowne*, for the plaintiffs.

*Hubbard, Fox, Thomas, White & Bengtson, P.C.* (by *Geoffrey H. Seidlein*), for the defendants.

Before: HOEKSTRA, P.J., and MICHAEL J. KELLY and J. M. GRAVES, JR.,* JJ.

PER CURIAM. Defendants appeal as of right from a declaratory judgment of the Shiawassee Circuit Court that effectuated a prior order that limited to the spot cleaning of a drain the scope of the order of necessity issued by a board of determination under the Drain Code of 1956, MCL 280.1 *et seq.*; MSA 11.1001 *et seq.* We reverse.

In December 1989, five freeholders filed a petition with the Shiawassee Drain Commission to clean out, relocate, widen, deepen, straighten, tile or extend the Grubb and Extension Drain. In accordance with the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

provisions of the Drain Code, a board of determination was appointed by the drain commissioner. After consideration of the evidence presented, and after walking the drain, the board approved the petition as worded, finding that the petitioned project was necessary and conducive to the public health, convenience, and welfare to properties and residents in Antrim and Perry townships. In approving the petition, the board recommended that the drain be only spot-cleaned. However, the board recognized that the sole power it had was to find the work either did or did not need to be done and that the drain commissioner would determine how to proceed with the project.

On June 4, 1990, plaintiffs filed a complaint against defendants in the Shiawassee Circuit Court, seeking to set aside the decision by the board of determination. On June 29, 1991, the circuit court issued an order finding that the board of determination's finding of necessity was supported by competent, material, and substantial evidence. However, the court limited the board's finding of necessity to cleaning out the drain in spots. The court noted that the order of necessity approved more than spot cleaning, but reasoned that the board consisted of lay people who did not understand legal jargon. Thus, the court stated that although the order of necessity approved more than spot cleaning, the board of determination had only found that it was necessary to clean out the drain in spots, and so limited the finding of necessity.

Approximately two years after the June 29, 1991, order was entered, plaintiffs sought declaratory relief from the circuit court. Plaintiffs claimed that the proposal submitted by the drain commissioner for work to be performed on the Grubb drain had exceeded the

spot cleaning of the drain as had been authorized by the June 29, 1991, order. On March 4, 1994, the court issued an order that limited the drain project to cleaning in spots, as previously ordered. The court also specifically defined what portions of the project as submitted by the drain commissioner would be encompassed, and accordingly could be performed, under spot cleaning.

Defendants argue that the circuit court did not have subject-matter jurisdiction to limit the scope of the work to be performed.[1] We disagree, but find that the circuit court did commit error in its exercise of jurisdiction.

Jurisdiction is the power of a court to act and the authority of a court to hear and determine a case. *In re Waite*, 188 Mich App 189, 196-197; 468 NW2d 912 (1991). A court's subject-matter jurisdiction is determined only by reference to the allegations listed in the complaint. *Luscombe v Shedd's Food Products Corp*, 212 Mich App 537, 541; 539 NW2d 210 (1995). If it is apparent from the allegations that the matter alleged is within the class of cases with regard to which the court has the power to act, then subject-matter jurisdiction exists. *Id.* at 541-542. Any subsequent error in the proceedings amounts to error in the exercise of jurisdiction. *Id.* at 542. When a court lacks subject-matter jurisdiction, the court's acts and

---

[1] Plaintiffs argue that this issue is not properly before this Court because defendants did not file a timely appeal from the June 29, 1991, order pursuant to MCR 7.204. We find that defendants' failure to appeal from that order does not prove dispositive because the order was not a final order because it was unclear what, if any, harm defendants would suffer as a result of the order. The March 4, 1994, order clarified the previous order, and defined the harm that defendants suffered as a result of the June 29, 1991, order.

proceedings are of no force and validity. *Waite, supra* at 197.

An order entered without subject-matter jurisdiction may be challenged collaterally and directly. *In re Hatcher*, 443 Mich 426, 439; 505 NW2d 834 (1993); *Waite, supra* at 197.[2] Error in the exercise of jurisdiction may be challenged only on direct appeal. *Hatcher, supra* at 439. The erroneous exercise of jurisdiction does not void a court's jurisdiction as does the lack of subject-matter jurisdiction. *Luscombe, supra* at 542. However, error in the exercise of jurisdiction can result in the setting aside of the judgment. *Waite, supra* at 200.

Pursuant to MCL 280.191; MSA 11.1191 and MCL 280.72a; MSA 11.1072(1), the board of determination's finding of necessity that an existing drain requires improvements and repairs may be reviewed by a circuit court. Here, plaintiffs filed a complaint in the circuit court seeking review of the board's order of necessity. Thus, the court had subject-matter jurisdiction because the allegations listed in the complaint came within the court's subject-matter jurisdiction.

However, we believe that the circuit court erred in its exercise of jurisdiction. The function of the board of determination is to determine whether a problem exists and whether a certain project is necessary. *McGregor v Coggins Drain Bd of Determination*, 179 Mich App 297, 299-300; 445 NW2d 196 (1989). The

---

[2] We disagree with this Court's statement in *Welch v Dist Court*, 215 Mich App 253, 257; 545 NW2d 15 (1996), that a party may "attack . . . subject-matter jurisdiction only on direct appeal." Rather, as stated in *Edwards v Meinberg*, 334 Mich 355, 359; 54 NW2d 684 (1952): "If there is a true jurisdictional defect, the court has acted without authority, [and] its judgment is a nullity and is always subject to collateral attack."

board does not determine what is the best solution to the problem. *Id.* at 300. If the board finds that the project is necessary, then the drain commissioner is responsible for assessing possible solutions. *Id.* at 299. In approving the solution to the problem, the commissioner is not restricted to the proposal in the petition or the order of determination. *Id.* at 300. A circuit court's review of a finding of necessity by a board of determination is limited to determining whether the decision was authorized by law and whether the board's findings of fact were supported by material, substantial, and competent evidence on the whole record. *Hitchingham v Washtenaw Co Drain Comm'r*, 179 Mich App 154, 161; 445 NW2d 487 (1989).

Here, the circuit court exceeded its scope of review by limiting the board's determination to a finding that the Grubb drain needed only to be cleaned in areas. This resulted in error, because the board had acted within its authority in determining that it was necessary to work on the drain and the determination of what type of work needed to be performed should have been left to the drain commissioner. *McGregor, supra* at 300. Thus, the circuit court erred in its exercise of jurisdiction when it limited the project to spot cleaning. The circuit court should have reviewed the order of necessity only to determine whether is was authorized by the law and supported by the evidence on the whole record. *Hitchingham, supra* at 161. Accordingly, the court's judgment is set aside. *Waite, supra* at 200.

Because of our resolution of this issue, we decline to review the remaining issue raised on appeal.

Reversed.

HOEKSTRA, P.J., concurs in the result only.