*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BERTHA BALDWIN,

        Plaintiff-Appellee,

v

MICHAEL EDWARD WILLIAMS,

        Defendant-Appellant.

UNPUBLISHED
May 21, 2026
11:34 AM

No. 373471
Ionia Circuit Court
LC No. 2024-036536-AV

Before: WALLACE, P.J., and LETICA and FEENEY, JJ.

PER CURIAM.

This action for possession after land contract forfeiture under the summary proceedings act, MCL 600.5701 *et seq.*, was filed in district court by plaintiff, Bertha Baldwin, as the vendor of a land contract, against defendant, Michael Williams, the vendee (and plaintiff's nephew).

Following a bench trial, the district court entered an April 24, 2024 judgment of possession after land contract forfeiture for the property in question stating that "An order of eviction may be issued upon expiration of 90 days . . . after the entry of this judgment if the defendant does not: . . . b. cure the following breach: property to be kept in good order inside and out." Plaintiff thereafter filed an application for order of eviction. After a July 17, 2024 hearing thereon, the district court entered an order of eviction that same day. The circuit court granted defendant's application for leave to appeal from the foregoing judgment and order, and, after briefing and oral argument, entered an order denying that appeal, i.e., affirming the district court. Plaintiff thereafter filed an application for leave to appeal, which this Court granted.

For the reasons set forth herein, we find that the district court lacked subject-matter jurisdiction over the present case under the summary proceedings act. We accordingly vacate the circuit court order, vacate the district court judgment of possession after land contract forfeiture and order of eviction, and remand to the district court for entry of an order dismissing this matter without prejudice.

-1-

## I. FACTUAL BACKGROUND

In June 2013, plaintiff and defendant entered into a land contract. It indicates that it was drafted by Bertha "Bert" Baldwin and provides for Michael E. Williams' purchase of property located at 5845 East Borden Road in Fenwick, Michigan, from her, for a purchase price of "$35,454.97 balance on mortgage at Chase Bank + interest." It is dated June 19, 2013, signed by both parties, and provides for the following: a $2,000 down payment; a monthly payment amount of $400 to start on July 1, 2013; that purchaser is responsible for maintaining property and liability insurance; and a late fee of $30 on payments. The land contract further provides:

1. Property to be keep [sic] in good order inside & out.

2. No more than 3 audits [sic, adults] living in trailer or on property at one time.

Notably, nowhere does the land contract "expressly provide for termination or forfeiture, or give the vendor the right to declare a forfeiture, in consequence of the nonpayment of any moneys required to be paid under the contract or any other material breach of the contract." MCL 600.5726.

Plaintiff served a forfeiture notice on Michael E. Williams on January 17, 2024. It states in part on the pre-printed form that the land contract "is in default because of nonpayment of installments of principal and/or interest, and also because of," after which a box labelled "other:" is checked next to the following handwritten language: "destruction of property, failure to keep house in good condition." The notice further provides: "You have forfeited your rights under the land contract, and payment is demanded by Bert Baldwin who holds the land contract as," after which a box is checked next to the word "seller." The notice further provides: "The sum of $_____ is now past due in principal and interest under the land contract, plus the sum of:" after which a box is checked next to the following language: "$30 other: late fee, payment given 1 week late 1/8/24 still owes late fee."

Plaintiff thereafter filed a summons and complaint for possession after land contract forfeiture, along with copies of the forfeiture notice and the land contract at issue on February 7, 2024. The complaint states at ¶ 3 that "[t]he plaintiff has a right to recover possession of the property for" after which it provides the following:

☒ a. **nonpayment of money** required to be paid under the contract:

Original selling price $ 35,454.97   Last payment Jan 8th 2024 (Date)

Principal balance due $ 19,137.85   Interest at 10.875% paid to Feb 1st 2024 (Date)

Total amount in arrears $ 576.53

☒ b. **material breach of contract** in violation of the terms of the contract as follows:
Explain. (If a money award is being sought for damages, complete the supplemental complaint below.)

Property to be Keep in good order inside and out. Garage door broken, fence broken, bathtub, Front door (Seperating from wall) Several other Items unable to list.

At ¶ 4, the complaint states "The land contract was forfeited in accordance with the terms of the land contract."

The district court register of actions indicates that, at a February 26, 2024 pretrial conference, defense counsel indicated his belief that this matter should be before the circuit court. The district court responded by indicating defense counsel should file a motion and by resetting the matter for a March 13, 2024 pretrial conference. The district court register of actions further indicates that, at that subsequent pretrial, defense counsel reiterated that the claim should be heard in circuit court; plaintiff's counsel opposed such removal and requested an order for defendant to escrow contested land contract payments; and the district court indicated its "need to move [the] case forward," that it "looked for motions or pleadings regarding removal," and it had "hoped [the] case would be resolved, [but that was] not the case." The court indicated it would order plaintiff to escrow contested land contract payments, set a status conference for April 9, 2024, and set the matter for an April 18, 2024 bench trial.

At the April 9, 2024 status conference, plaintiff's counsel indicated they were ready to proceed to bench trial. Defense counsel yet again indicated that he would like the matter removed to circuit court based upon defendant's "equitable claims that this court does not have the authority to grant, . . . [including] indemnity, restitution, and quiet title" and that he is prepared to file "a written response" to the complaint either that day or the next.

> I understand there's a trial date next week but I believe that the Court has authority, once we file the answer, to either sua sponte grant removal and give us a chance to make arguments or require me to file a motion for removal, which I'm prepared to do.

The district court responded that the notes from the March 13, 2024 pretrial conference indicate that the issue of removal was discussed at that time and that it thought that a motion or demand for removal would have been filed by today's date (almost a month later). The district court further indicated that it's "not willing to proceed on anything that's verbal right now," "I was told on March 13th that there were going to [be] motions filed and an answer filed and we still haven't seen motions or an answer," so the matter would be left on the schedule for a March 18, 2024 bench trial.

Defendant filed an answer to the complaint later that same day. Defendant denied the allegations at ¶¶ 3-4 of the complaint that plaintiff had a right to recover possession or that "[t]he land contract was forfeited in accordance with the terms of the land contract." He likewise pleaded a counterclaim for breach of contract, alleging that he had met his obligations under the land contract, paid the full purchase price on or before June 2020, and that he was entitled to a deed to the property and repayment of any amounts paid to plaintiff after that time. Defendant pleaded multiple additional counterclaims that he contended exceeded the subject-matter jurisdiction of the district court and required that the case be transferred to the circuit court pursuant to MCR 4.002, including "counterclaims for indemnity, restitution, and quiet title, all on principles of equity under the theory of unjust enrichment."

Defendant failed to file a motion for removal or transfer to the circuit court, but on April 18, 2024, the same date as the bench trial was held in district court, defendant filed a separate complaint against plaintiff for breach of contract, indemnity, restitution, and to quiet title in circuit court.

Following the parties' presentation of their cases at the bench trial, the district court made the following findings:

> It seems to me, at least for what we agree on, it was a pretty good agreement going. [Plaintiff] was getting her mortgage paid. She was helping out her nephew. And [defendant] had a place to live at a fair price. And it's too bad it's all gone south. . . .
>
> So at this point, the Court's left in the unenviable position of trying to judge this land contract, such as it is, on its four corners. . . . Everyone wants to agree we have a land contract. What we disagree on is what this handwriting on page four of eight says, or means, rather.
>
> It says purchase price, $35,454.97, balance on mortgage at Chase Bank plus interest. A down payment, interest rate is scratched out with a deposit, $500 to be returned at the end of the payoff. Monthly payment amount, $400.
>
> And what we find out in practice is that the monthly payment amount changes. [Plaintiff] has testified that the defendant . . . knew all about the mortgage, knew all about the variable rate, knew all about, therefore, the variable prices, but that's not in the contract. That's not what the contract says. The contract says monthly payment amount, $400, 35,000 as the purchase price.
>
> Mr. Williams has testified he thought that's just what it meant, that there was gonna be 2,000 down and that he was gonna be paying $400 a month over the course of the contract. It sounds like he paid a lot more than that.
>
> And with that kind of dispute, I'm not sure. I'm not sure what that means. Obviously, the parties disagree, and perhaps a circuit judge is going to have to make—make a finding on that.
>
> . . . I don't know if I can enforce that. If I don't know what the contract means, I don't know if I can enforce that.
>
> What is clear is that the property is to be kept in good order inside and out. There's no dispute about that. The dispute involves who is entitled to the deed and who is entitled to ownership. But at this point, that's still left undetermined.
>
> At least what I can be sure of is that [plaintiff] owns the property, whether she needs to deed it over to the defendant or not is another question. The circuit judge is going to make that decision based upon the fuzzy contract we've got, the fuzzy terms of the amounts and what's to be paid.
>
> But what's not fuzzy in this contract is that the property needs to be kept in good order inside and out. So at this point, I'm finding no cause of action as it relates to the money. I guess you can go figure that out in circuit court.

As to the condition of the property, I do find that [plaintiff] is the owner. In fact, she holds a mortgage on it . . . .

At any rate, in the meantime, I'm—I'm of the mind that given the circumstances and the backdrop of a case being started in circuit court, that immediate possession is not the remedy. This can be fixed. It just takes some work. This is not something that's going to be a huge problem if someone sets their mind to it. The property can be cleaned up inside and out. You can do the dishes for starters.

So I'm going to enter a judgment that finds that there's been a material breach of the contract and that the defendant has 90 days to remedy that. . . . Let's schedule this for another hearing on July 17 at 11 a.m., and we can probe into the issue of whether the property's been cleaned up.

Plaintiff stated that res judicata may come up in the circuit court case. She asked for clarification of the district court's decision "[r]egarding the payment issue, you decided there's no cause of action. Is that a decision with prejudice?" The district court stated, "I didn't—my ruling does not mean that he doesn't owe your client any money. I'm just saying I can't figure out what that is based upon the evidence and the fuzzy contract."

As already noted, the district court entered an April 24, 2024 judgment of possession after land contract forfeiture for the property in question. Plaintiff thereafter filed an application for order of eviction, and, after a July 17, 2024 hearing thereon, the district court entered an order of eviction on that same day.

Defendant then filed an application for leave to appeal from the judgment and order of eviction in the circuit court, which was granted.[1]

Meanwhile, in the district court, defendant moved for a stay pending appeal. He also filed a motion to remove to circuit court. At the October 2, 2024 hearing, regarding the motion to remove, defendant argued that the district court lacked subject-matter jurisdiction over the case because the land contract, which was attached to the complaint, did not mention "the summary proceedings act or anything like that. And when that happens, then, there is no authority for this court to issue any orders on—over that subject matter; that belongs in the circuit court." The district court held that it would deny the motion to remove, explaining in part:

---

[1] The April 24, 2024 judgment of possession after land contract forfeiture contains language stating that defendant has 10 days from entry to take an appeal. MCR 4.202(J). Defendant did not take a timely appeal of right from that decision. On the other hand, the July 17, 2024 order of eviction does not indicate it is a final order or that there is a right of appeal therefrom. This appears to explain why an application for leave to appeal was filed in the circuit court, after the order of eviction, to raise the issues on appeal addressed herein.

[I]n my view of this case . . . there is a factual question that [this] court may determine as to whether a plaintiff in a particular case has standing and has the authority to bring a summary proceedings case.

But I think the power of this court, as a court of limited jurisdiction, has a boundary, a clear boundary. I don't think I can establish rights. I think I can conduct an inquiry, a factual inquiry, as to whether plaintiff has the right to file. But I don't have the ability to establish rights. And that's basically what I hear defense saying, is that [plaintiff] does not have rights and—to be the plaintiff here. And maybe a circuit court will disagree with me.

But I—I was pretty comfortable, based upon the evidence I had here, that she did [have the right to be the plaintiff here].

The district court also held that it would stay the order of eviction. The district court's oral ruling was memorialized in an October 28, 2024 order stating that it "resolves the last pending claim and closes the case." See MCR 2.602(A)(3).

In the briefing and at oral argument on the circuit court appeal, defendant argued: (1) the district court should not have heard the case because for the court to have subject-matter jurisdiction, the land contract was required to but did not contain a clause indicating that summary proceedings were available; (2) even if the district court had jurisdiction, its jurisdiction was limited to the question of possession, and did not include defendant's counterclaims for equitable relief; and (3) the district court failed to make a determination regarding the purchase price, but then it only gave defendant a 90-day redemption period provided when less than half of the purchase price has been paid rather than the six-month redemption period. See MCL 600.5744(4).

Plaintiff in turn argued that the district court's grant of only a 90-day redemption period, "leads us to the assumption that less than 50 percent of the purchase price had been paid," which finds support in the evidence at trial that more than 50% of the original purchase amount was left as principal on the mortgage at the time. Next, even if defendant should have been granted a six-month redemption period, more than six months had passed since entry of the April 24, 2024 judgment of possession after land contract forfeiture and the property is in worse condition than it was when the July 17, 2024 order of eviction entered, such that the issue is moot. Further, even if the district court erred by not determining the specific amount due under the land contract, the case should be remanded to the district court. Plaintiff admitted there was no forfeiture clause in the land contract, but argued that this is not a jurisdictional issue. Rather, pursuant to MCL 600.5704, a district court has jurisdiction over summary proceedings to recover possession of property and plaintiff filed a complaint to recover possession of the property. Plaintiff argued that because defendant did not raise any issue about the absence of a forfeiture clause in the land contract in the district court, that issue was waived. Plaintiff also argued that defendant had failed to preserve his equitable claims because he did not file a motion for removal despite the district court directing him to do so.

The circuit court held that it would deny the appeal (i.e., affirm the district court):

Now, I understand your argument regarding jurisdiction, but I'm inclined to agree with [plaintiff's] argument, and I saw it particularly in her brief, that maybe there was an issue regarding the amount that was due, or you're making an argument that there is, but there was also another provision that your client was to keep it in appropriate condition, the premises itself, and I think Judge Voet made a very clear finding that that simply had not been the case.

I guess I'm troubled here too by the fact that this is something that could have been timely removed, but was not done so, so I believe that that precludes that at this point in time in light of the fact that I think Judge Voet did have jurisdiction, as it relates, clearly, to the condition of the premises, and he determined that your client was not entitled to possession, in large part because of the fact that it was not kept in proper condition. So I am unable to grant leave to appeal. Particularly, recognizing that I think there was an opportunity to have an absolute right to appeal, and that time passed.

I can appreciate that [defendant] may have some financial challenges here, but it's just unfortunate that he has not complied with Judge Voet's directive, as it relates to complying with the order, because I understand his position is that he's been paid in full—he has paid in full—but yet that certainly was not the case, and Judge Voet very clearly indicated that money was to be put in escrow.

So as it relates to this matter, I am going to respectfully deny the request for leave to appeal for the reasons indicated. Again, primarily in light of fact that there was a full and fair opportunity at trial to address all of these issues, and even though Judge Voet may have not made a determination on the amount due, that's something that could have been requested through a motion for clarification, or something along those lines.

So I do affirm the finding of Judge Voet, as it relates to possession, and also the order of [eviction] in July.

A November 4, 2024 order memorialized the circuit court's oral ruling denying defendant's appeal and affirmed the judgment of possession and order of eviction.

Plaintiff thereafter filed an application for leave to appeal, which this Court granted.

## II. STANDARD OF REVIEW

"A challenge to subject-matter jurisdiction may be raised at any time, even if raised for the first time on appeal." *Bank v Mich Ed Ass'n-NEA*, 315 Mich App 496, 499; 892 NW2d 1 (2016) (quotation marks, brackets, and citation omitted). Indeed, "all courts must upon challenge, or even sua sponte, confirm that subject-matter jurisdiction exists." *Associated Builders and Contractors of Mich v State Treasurer*, 350 Mich App 532, 546; ___ NW3d ___ (2024) (quotations marks and citation omitted). "Whether this Court has subject-matter jurisdiction is a question of law reviewed de novo, as is the interpretation and application of statutes and court rules." *Nucast, LLC v Livonia Pre Cast LLC*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 367941); slip op at 3 (citations omitted).

## III. SUBJECT-MATTER JURISDICTION

Jurisdiction is the power of a court to act and the authority of a court to hear and determine a case. A court's subject-matter jurisdiction is determined only by reference to the allegations listed in the complaint. *If it is apparent from the allegations that the matter alleged is within the class of cases with regard to which the court has the power to act, then subject-matter jurisdiction exists.* Any subsequent error in the proceedings amounts to error in the exercise of jurisdiction. When a court lacks subject-matter jurisdiction, the court's acts and proceedings are of no force and validity. [*Grubb Creek Action Comm v Shiawassee Co Drain Comm'r*, 218 Mich App 665, 668-669; 554 NW2d 612 (1996) (emphasis added) (citation omitted).]

Jurisdiction always depends on the allegations and never upon the facts. When a party appears before a judicial tribunal and alleges that it has been denied a certain right, and the law has given the tribunal the power to enforce that right, if the adversary has been notified, the tribunal must proceed to determine the truth or falsity of the allegations. The truth of the allegations does not constitute jurisdiction. [*Altman v Nelson*, 197 Mich App 467, 472; 495 NW2d 826 (1992).]

MCL 600.5704 provides that "[t]he district court, municipal courts and the common pleas court of Detroit have jurisdiction over summary proceedings to recover possession of premises under this chapter."

MCL 600.5726, provides:

A person entitled to any premises may recover possession thereof by a proceeding under this chapter after forfeiture of an executory contract for the purchase of the premises but only if the terms of the contract expressly provide for termination or forfeiture, or give the vendor the right to declare a forfeiture, in consequence of the nonpayment of any moneys required to be paid under the contract or any other material breach of the contract.

Looking to the allegations of the plaintiff's complaint for possession after land contract forfeiture in this matter, we see that paragraph 4 alleges: "The land contract was forfeited in accordance with the terms of the land contract." However, plaintiff's claim is based on the written land contract agreement, which plaintiff attached to the complaint in compliance with MCR 2.113(C)(1). In doing so, the land contract "was made a part of the pleading for all purposes." MCR 2.113(C)(2). A review of the language of that land contract makes clear that its terms *do not* "expressly provide for termination or forfeiture, or give the vendor the right to declare a forfeiture, in consequence of the nonpayment of any moneys required to be paid under the contract or any other material breach of the contract."[2] MCL 600.5726. On this basis, it *is not* apparent from the complaint's allegations that the matter alleged comes within summary proceedings to

_____

[2] Plaintiff admitted at the oral argument on appeal to the circuit court appeal that "[t]here was no forfeiture clause in this contract."

recover possession of premises under the summary proceedings act such that the district court is without subject-matter jurisdiction over this matter. See *Grubb Creek*, 218 Mich App at 668; MCL 600.5704.

Plaintiff contends that because defendant did not raise any issue regarding the absence of a forfeiture clause in the land contract in the district court, he has waived that issue. But this argument fails because courts, whether upon challenge or sua sponte, are obliged to address the issue of subject-matter jurisdiction; and further, when there is a defect as to subject-matter jurisdiction, any actions by the court are "without authority, [and] its judgment is a nullity and is always subject to collateral attack."[3] *Associated Builders*, 350 Mich App at 546; *Grubb Creek*, 218 Mich App at 669 n 2.

Although plaintiff is unable to proceed in the district court under the summary proceedings act, MCL 600.5701 *et seq*., other judicial process and remedies are available to her. MCL 600.5750 provides:

> The remedy provided by summary proceedings is in addition to, and not exclusive of, other remedies, either legal, equitable or statutory. A judgment for possession under this chapter does not merge or bar any other claim for relief, except that a judgment for possession after forfeiture of an executory contract for the purchase of premises shall merge and bar any claim for money payments due or in arrears under the contract at the time of trial and that a judgment for possession after forfeiture of such an executory contract which results in the issuance of a writ of restitution shall also bar any claim for money payments which would have become due under the contract subsequent to the time of issuance of the writ. The plaintiff obtaining a judgment for possession of any premises under this chapter is entitled to a civil action against the defendant for damages from the time of forcible entry or detainer, or trespass, or of the notice of forfeiture, notice to quit or demand for possession, as the case may be.

We conclude the district court lacks subject-matter jurisdiction over the present case under the summary proceedings act. In light of this ruling, we need not address the other issues raised on appeal. We accordingly vacate the circuit court order, vacate the district court judgment of possession after land contract forfeiture and order of eviction, and remand to the district court for entry of an order dismissing this matter without prejudice. We do not retain jurisdiction.

/s/ Randy J. Wallace
/s/ Anica Letica
/s/ Kathleen A. Feeney

---

[3] While the issue of subject-matter jurisdiction cannot be waived, we additionally, nonetheless note that defendant's answer denied the allegations at ¶¶ 3-4 of the complaint that plaintiff had a right to recover possession or that "[t]he land contract was forfeited in accordance with the terms of the land contract."